UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| P. BART STEPHENS,<br><br>                     Plaintiff,<br><br>          v.<br><br>JANE DOE,<br><br>                     Defendant. | Case No.  3:23-cv-04183-JD<br><br>**ORDER RE EX PARTE TRO AND REQUEST FOR EXPEDITED DISCOVERY** |

Plaintiff P. Bart Stephens has filed a complaint and an ex parte motion for a temporary restraining order (TRO) against defendants Jane Doe, et al.  Dkt. Nos. 1, 9.  Stephens has also filed an ex parte request to expedite third-party discovery.  Dkt. No. 10.

Stephens says that defendants are "as-of-yet unidentified malicious hackers" who took control of his cell phone line by impersonating him and "tricking the cellular service provider into transferring [his] service to a SIM card controlled by" them.  Dkt. No. 1 ¶ 3.  He alleges that, beginning in May 2023, defendants "converted over $6.3 million worth of digital assets" that he owned "by withdrawing them to blockchain wallets [that they] controlled."  *Id.* ¶ 5.  "After the initial attack, Defendants funneled portions of the stolen digital assets through an offshore exchange and through other wallets Defendants controlled in an effort to dissipate them."  *Id.* ¶ 6.

The Court held an ex parte hearing on the TRO application on August 21, 2023, and heard argument from Stephens's counsel.  The TRO application and request for third-party discovery are denied without prejudice.

Under Federal Rule of Civil Procedure 65(b), a court may issue an ex parte TRO if:  (1) it clearly appears that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (2) the movant's attorney certifies to the

United States District Court
Northern District of California

1    court in writing any efforts made to give notice and the reasons why it should not be required.  *See*

2    Fed. R. Civ. P. 65(b); *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130-31 (9th Cir.

3    2006).  The prospect of immediate and irreparable injury must be demonstrated by "specific facts

4    in an affidavit or a verified complaint."  Fed. R. Civ. P. 65(b)(1)(A).  "[A]n ex parte TRO may be

5    appropriate where notice to the adverse party is impossible either because the identity of the

6    adverse party is unknown or because a known party cannot be located in time for a hearing."

7    *McCord*, 452 F.3d at 1131 (internal quotations and citation omitted).  "Temporary restraining

8    orders granted ex parte are to be 'restricted to serving their underlying purpose of preserving the

9    status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no

10   longer.'"  *CCSAC, Inc. v. Pac. Banking Corp.*, No. 20-cv-02102-JD, 2020 WL 7389418, at *1

11   (N.D. Cal. Apr. 8, 2020) (quoting *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423,

12   439 (1974)).

13          Stephens's claim of immediate injury is sharply undercut by his long and poorly explained

14   delay in applying for a TRO.  *See Anonomatic Inc. v. Skyflow Inc.*, No. 22-cv-01469-JD, 2023 WL

15   149054, at *2 (N.D. Cal. Jan. 10, 2023); *Linton v. Becerra*, No. 18-cv-07653-JD, 2020 WL

16   2614870, at *3 (N.D. Cal. May 21, 2020).  Defendants allegedly began stealing Stephens's digital

17   assets on May 14, 2023.  Dkt. No. 1 ¶ 38.  Stephens learned that his accounts were "under attack"

18   that same day.  *Id.* ¶ 40.  Even so, Stephens waited for over three months before seeking a TRO on

19   August 16, 2023, or otherwise coming to court.  The record does not adequately explain why a

20   delay of this magnitude might have been warranted or compatible with the extraordinary relief of a

21   TRO.  The Court pressed Stephens's counsel at the hearing for details, which were not

22   forthcoming.  Counsel made a rather scattershot mention of factors such as undertaking an

23   investigation and talking with law enforcement and third parties.  The problem is that the evidence

24   before the Court does not provide an adequate basis on which to conclude that these activities

25   might justify a more-than-90-day delay in seeking relief.  The record also does not establish that

26   recent circumstances have changed abruptly with respect to the possibility of irreparable harm.

27   Overall, Stephens has not shown at this stage that he is entitled to temporary injunctive relief,

28

United States District Court
Northern District of California

1   although the Court does not rule out the possibility that such relief may be warranted on a more

2   fully developed record, if the facts permit that.

3          A TRO is also denied because Stephens has not provided enough information to enable the

4   Court to "state its terms specifically" and "describe in reasonable detail -- and not by referring to

5   the complaint or other document -- the act or acts restrained or required."  Fed. R. Civ. P.

6   65(d)(1)(B), (C).  Stephens's proposed order would enjoin defendants and those who are in active

7   concert or participation with them from "selling, liquidating, transferring, pledging, or otherwise

8   encumbering the approximately $6.3 million dollars' worth of digital assets that Defendants

9   allegedly converted from Plaintiff."  Dkt. No. 9-4 at 1.  Stephens catalogues a range of digital-

10  asset withdrawals and transfers that defendants have allegedly completed, *see, e.g.*, Dkt. No. 1

11  ¶¶ 39, 45, but the record is nearly silent on Stephens's ownership of the disputed funds.  Stephens

12  suggests that the link between his accounts and the challenged transactions is somehow apparent,

13  but he did not provide the Court with enough information to ensure the scope of an injunction

14  would be specifically tailored to the funds that he owns.  An open-ended injunction simply

15  forbidding the movement of "$6.3 million dollars' worth of digital assets" will not do.

16         The request for expedited discovery is also denied without prejudice.  Although early

17  third-party discovery may be warranted, Stephens did not adequately identify the third parties to

18  be served or the information that he intends to seek.  The Court declines to approve free-range

19  discovery of cryptocurrency exchanges.

20         For the TRO application and early discovery request, Stephens may file revised

21  applications that are consistent with this order.

22         **IT IS SO ORDERED.**

23  Dated:  August 21, 2023

24

25

26  _____
    JAMES DONATO
27  United States District Judge

28