UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| P. BART STEPHENS,<br><br>        Plaintiff,<br><br>    v.<br><br>JANE DOE,<br><br>        Defendant. | Case No. 23-cv-04183-JD<br><br>**ORDER RE TEMPORARY RESTRAINING ORDER AND EXPEDITED DISCOVERY** |

Plaintiff P. Bart Stephens filed a complaint against defendants Jane Doe, et al., who are said to have "converted over $6.3 million worth of digital assets" stored in the blockchain. Dkt. No 1 ¶ 5. On the same day, he filed an ex parte application for a temporary restraining order (TRO), Dkt. No. 9, and an ex parte request to expedite third-party discovery, Dkt. No. 10. The Court held an ex parte hearing on August 21, 2023, and denied both motions without prejudice. Dkt. No. 20. The Court concluded that Stephens had not established a likelihood of "immediate and irreparable injury" for an alleged theft that had occurred more than 90 days earlier, *see* Fed. R. Civ. P. 65(b), and had not adequately demonstrated ownership of the disputed assets. *See* Dkt. No. 20. The discovery motion was denied because Stephens "did not adequately identify the third parties to be served or the information that he intends to seek." *Id.* at 3.

Stephens filed a renewed ex parte application for a TRO and renewed ex parte request to expedite third-party discovery. Dkt. Nos. 22, 23.[1] A TRO is denied, and Stephens may initiate discovery in connection with the complaint.

---

[1] The renewed motions were filed with redactions and subject to motions to seal. For present purposes, the Court cites to the unredacted filings. An order on the sealing requests, which may result in a denial of sealing in part or whole, will be filed separately.

The standards governing the application were provided in the prior order. Dkt. No. 20 at 1-2. At the hearing and in the order denying the prior TRO application, the Court noted that Stephens had waited for more than 90 days to ask for a TRO, without giving a good reason why that lengthy delay did not vitiate his claims of imminent and irreparable harm. *See* Dkt. No. 20 at 2 (order); Dkt. No. 27 (hearing transcript). The renewed application is similarly anemic. Stephens's main explanation is that he "did not wish" to request a TRO while law enforcement was looking into his claims. Dkt. No. 22-1 at 7. This does not go far in justifying the delay. Parallel civil and criminal cases are a common practice, and nothing in the record indicates that law enforcement requested that Stephens not file this civil action, or that acting promptly to file a civil lawsuit would have adversely affected the law enforcement investigation. In addition, the record establishes that "95%" of the assets Stephens claims are "siting" in wallets without disturbance, and apparently have been sitting there for some time. *Id*. Stephens has not proffered any evidence indicating that this static situation is likely to change anytime soon. In these circumstances, Stephens has not demonstrated a pressing need for a TRO.

So too with respect to the merits of Stephens's claims. The foundational elements for all of Stephens's claims is that property he owned was wrongfully taken from him, but clear evidence establishing that Stephens owns the disputed funds is still missing. The most Stephens offers is a rather vague statement by an investigator, based on extra-record documents, to the effect that his "team traced the exfiltrated transactions from Plaintiff's account to where they are now." Dkt. No. 22-3 ¶ 13. This is an unduly indirect statement about Stephens's ownership status. In addition, while Stephens supplied a detailed list of what he represents to be various accounts into which the assets flowed, he provided nothing in the way of direct proof that the transfers originated from his wallet. This failure of proof is in striking contrast to the cases Stephens cites, particularly because Stephens did not file a declaration based on his personal knowledge about the assets. *See Jacobo v. Doe*, 22-cv-00672-DAD-BAK, 2022 WL 2052637 (E.D. Cal. June 7, 2022), Dkt. No. 2-4 at 4 (plaintiff's declaration on personal knowledge verifying ownership claims in complaint); *Astrove v. Doe*, No. 22-CV-80614-RAR, 2022 WL 2805315 (S.D. Fla. Apr. 22, 2022), Dkt. No. 3-1 (same). This evidence was critical to the grant of a TRO in those cases. *See Jacobo*, 2022 WL

2052637, at *4 ("Based on [complaint] allegations and the declarations submitted in support thereof, the court finds that plaintiff will likely be able to establish that she owned the cryptocurrency at issue at the time of its alleged conversion."); *Astrove*, 2022 WL 2805315, at *3 ("it is imperative to freeze the Destination Addresses to maintain the *status quo* to avoid dissipation of the money illegally taken from Plaintiff"). Similar evidence is absent here.

The renewed application also comes up short again with respect to the specificity and clarity of the requested relief. As the Court advised in the prior order, Stephens must provide enough information to enable the Court to "'describe in reasonable detail -- and not by referring to the complaint or other document -- the act or acts restrained or required.'" Dkt. No. 20 at 3 (quoting Fed. R. Civ. P. 65(d)(1)(C)). Stephens proposes that the Court enjoin an unknown number of unnamed defendants and their cohorts from "selling, liquidating, transferring, pledging, or otherwise encumbering up to $6.3 million dollars' worth of digital assets to or from" a long list of accounts described by a string of alpha-numeric characters. Dkt. No. 22-4 at 1-2.

This will not do. In addition to the concern that the Court has no idea who would actually be restrained by this injunction, the scope and purpose of the proposal is entirely unclear. Stephens may be proposing to freeze transactions to or from the listed accounts *in toto* or only if they have assets traceable to him. The former is overbroad in that Stephens has not demonstrated that the listed accounts contain only assets he owns, and the latter lacks any workable proscription on what the account holder can do. Stephens compounds the unduly sweeping nature of the proposed relief by asking that it automatically renew "for additional fourteen-day" increments *ad infinitum* until he actually has some proof of misappropriation. Dkt. No. 22-4 at 2. Rule 65(b)(2) does not permit that.

Consequently, a TRO is denied. The Court appreciates that cryptocurrency has some unique features that can present special issues. But that alone does not warrant an overly broad and under-supported TRO, as plaintiff would have it.

3

For the discovery request, Stephens may serve written discovery in the form of document requests on the entities he identified. *See* Dkt. No. 23-1. The Court's prior concerns about the vagueness of the proposed discovery stand, but the third parties subject to the requests may object as they deem appropriate.

**IT IS SO ORDERED.**

Dated: September 13, 2023

JAMES DONATO
United States District Judge