UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| P. BART STEPHENS,<br><br>        Plaintiff,<br><br>    v.<br><br>JANE DOE,<br><br>        Defendant. | Case No. 23-cv-04183-JD<br><br>**ORDER RE SEALING** |

In this action to recover allegedly stolen cryptocurrency assets, plaintiff P. Bart Stephens asks to seal portions of his complaint, motions for a temporary restraining order and supporting declarations, and portions of a hearing transcript. *See* Dkt. Nos. 2; 21; 29; and 30. He says that these filings should be redacted because they contain "information that reflects personal consumer information, personal financial information, and communications." Dkt. No. 21 at 1. Because the documents do not reveal such information, the requests are denied.

There is a strong presumption in favor of public access to court records. "[O]rdinarily a party must show 'compelling reasons' to keep a court document under seal," including documents filed in connection with a motion for preliminary injunction or any other motion that is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1095 (9th Cir. 2016) (quoting *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006)); *id*. at 1101. Stephens seeks to seal parts of his complaint and other documents that address the merits of his claims. Consequently, he must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *In re Google Play Store Antitrust Litig.*, 556 F. Supp. 3d 1106, 1107 (N.D. Cal. 2021) (quoting *Kamakana*, 447 F.3d at 1178-79). He did not do so.

1    Personal information that might expose a party to a privacy invasion or identity theft is
2 eligible for sealing consideration.  The problem for Stephens is that he seeks to mask only the top-
3 level names of his email, cloud storage, cell phone, and cryptocurrency exchange providers,
4 unattached to personally identifying information.  Unlike the cases Stephens cites, his sealing
5 requests do not involve a social security number, account numbers or other identifiers, specific
6 financial information, or the like.  *See*, *e.g.*, *Soria v. U.S. Bank N.A.*, No. 17-cv-00603-CJC, 2019
7 WL 8167925, at *4 (C.D. Cal. Apr. 25, 2019); *Grace v. Apple, Inc.*, 17-cv-00551-LHK, 2018 WL
8 11319051, at *1 (N.D. Cal. Apr. 3, 2018).  In addition, Stephens did not proffer a good reason to
9 seal information about the alleged Doe defendant hackers.  Stephens also did not demonstrate that
10 the name of his business should be kept from public view.

11    Consequently, the sealing requests are denied.  Stephens is directed to file unredacted
12 public versions on the docket by November 2, 2023.

13    **IT IS SO ORDERED.**

14 Dated: October 27, 2023

JAMES DONATO
United States District Judge