UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| P. BART STEPHENS,<br><br>    Plaintiff,<br><br>  v.<br><br>JANE DOE,<br><br>    Defendant. | Case No. 23-cv-04183-JD<br><br>**SUPPLEMENTAL ORDER RE SEALING ORDER AND ORDER TO SHOW CAUSE** |

Plaintiff Stephens has, for the most part, not handled a number of sealing requests in a manner consistent with governing standards. This has resulted in orders denying his requests, and an Order to Show Cause. The Court issued the OSC because Stephens did not comply with an order directing him to file unredacted public versions of provisionally sealed documents. Dkt. No. 36. In response to the OSC, Stephens, who replaced prior counsel with a new attorney, suggests that the OSC should be withdrawn because he voluntarily dismissed his lawsuit. *See* Dkt. No. 37. This point is not well-taken. Stephens' decision to terminate his case does not displace the public's right of access to court filings preceding the termination.

Stephens also takes another run at sealing the names of his email, cloud storage, cell phone, and cryptocurrency exchange providers. Prior requests along these lines were denied because he did not "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." Dkt. No. 33 (quoting *In re Google Play Store Antitrust Litig.*, 556 F. Supp. 3d 1106, 1107 (N.D. Cal. 2021)). In particular, Stephens did not establish that public disclosure of the names of corporate entities -- without Stephens' unique, alphanumeric identifiers -- could cause him harm. *See id*.

The renewed request presents the declaration of a cybersecurity professional who has served in the U.S. Department of Justice, and represents that he has experience investigating the

type of "SIM swap" fraud that Stephens is said to have suffered. Dkt. No. 37-1 ¶¶ 2, 5. The declaration provides substantially more information in support of sealing which was not presented in prior applications. This information demonstrates a non-trivial risk of injury to Stephens without sealing.

Consequently, the Order to Show Cause, Dkt. No. 36, is terminated. For Dkt. No. 33, Stephens need not disclose the names of his service providers, but he must file unredacted public copies by January 11, 2024, that otherwise comply with the order. *See* Dkt. No. 33 at 2:8-10.

**IT IS SO ORDERED.**

Dated: January 4, 2024

JAMES DONATO
United States District Judge